**In re ALLSTATE INSURANCE CO. UNDERWRITING AND RATING PRACTICES LITIGATION**

**Larry Daniels, Sr., et al. v. Allstate Insurance Co., et al., M.D.Florida, C.A. No. 8:01-64**

**Woodrow Shelton, Jr. v. Allstate Insurance Co., M.D. Tennessee, C.A. No. 3:01-1502**

**No. MDL–1457.**

Judicial Panel on Multidistrict Litigation.

June 19, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### *TRANSFER ORDER*

WILLIAM TERRELL HODGES, Chairman.

This litigation currently consists of two actions pending, respectively, in the Middle District of Florida and the Middle District of Tennessee.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants Allstate Insurance Company and one of its subsidiaries, Allstate Indemnity Company (collectively Allstate), for coordinated or consolidated pretrial proceedings of the two actions in the Middle District of Tennessee or, in the alternative, in the Northern District of Illinois. Plaintiff in the Middle District of Tennessee action does not oppose the motion for transfer to that district. Plaintiffs in a potential tag-along action in the Northern District of Georgia also do not oppose transfer to the Middle District of Tennessee. Plaintiffs in the Middle District of Florida action initially supported centralization in the Middle District of Florida; however, at the hearing session, these plaintiffs agreed to centralization in the Middle District of Tennessee.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact, and that centralization under Section 1407 in the Middle District of Tennessee will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in both actions seek certification of a putative nationwide class and allege that Allstate violated the notification and disclosure requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, in its use of consumer reports for the qualification, underwriting and rate-setting processes for certain policies of insurance. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The Middle District of Tennessee stands out as the appropriate transferee forum for this litigation. We note that i) all parties now agree upon Section 1407 centralization in the Middle District of Tennessee, and ii) a judge with a favorable caseload has been presiding over the action pending there for several months.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Middle District of Tennessee is transferred to the Middle District of Tennessee and, with the consent of that court, assigned to the Honorable Aleta A. Trauger for coordinated or consolidated pretrial proceedings with the action pending in that district.

---

1. In addition to the two actions presently before the Panel, the Panel has been notified of two additional related actions pending in the Middle District of Florida and one other related action pending in the Northern District of Georgia. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).